[605 NYS2d 1023]

In the Matter of JOHN C. WALLEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 19, 1993

**APPEARANCES OF COUNSEL**

*Daniel A. Drake,* Rochester, for petitioner.
*Dean J. Fero,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice in 1975 in the Third Department and maintains an office for the practice of law in Rochester, New York. He substantially admitted factual allegations of the petition to the effect that he neglected three legal matters entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]); that he falsely represented the status of these matters to the client, thereby engaging in conduct involving deceit or misrepresentation in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); that he failed to prepare and record certain documents essential to completion of a real estate transaction, thereby requiring the client to retain another attorney to perform those services, which conduct prejudiced and damaged a client in the course of a professional relationship in violation of DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3]); that he failed to pay promptly funds owed to a client in violation of DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]); and that he initially failed to cooperate with petitioner's investigation of complaints by those clients, which constitutes conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

A hearing was held, at which proof was submitted in mitigation. We confirm the Referee's Report. Based upon respondent's admissions and the facts found by the Referee, we conclude that respondent committed the previously described professional misconduct. We have considered evidence submitted in mitigation, consisting principally of medical testimony that respondent suffers from a personality disorder for which he presently is undergoing treatment. Nevertheless, in light of prior complaints concerning neglect of legal matters resulting in letters of caution and admonition, we conclude that respondent should be suspended for a period of six months and until further order of this Court.

DENMAN, P. J., CALLAHAN, GREEN, BALIO and LAWTON, JJ., concur.

Order of suspension entered.